IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID LAWLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-823-D |
| | ) | |
| MOORE IRON & STEELE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are Plaintiff's Motion to Strike [Doc. No. 57] Defendant's Answer and Counterclaims [Doc. No. 55] and Defendant Moore Iron & Steel Corp.'s Motion for Leave to Amend Answer to Add Counterclaims [Doc. No. 63]. The parties dispute whether, in response to Plaintiff's Second Amended Complaint, Defendant, as a matter of right, may file new counterclaims or is required to first obtain leave of court. Plaintiff moves to strike the six new counterclaims asserted because Defendant did not obtain leave before filing the pleading. Should the Court determine leave of court is required, Defendant alternatively requests such leave be granted.

**I.    Procedural History**

On October 16, 2014, Plaintiff filed an unopposed motion stating that Defendant had given its written consent to file a Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2). The Court granted the motion and Plaintiff then filed the Second Amended Complaint [Doc. No. 51] on November 3, 2014. Significantly, Plaintiff filed the Second Amended Complaint to remove claims and parties.[1]

---

[1]The parties previously jointly moved for dismissal of Plaintiff's claims against Defendant Aetna Health Inc., f/k/a Coventry Health Care Inc., d/b/a Coventry Health (Coventry). [Doc. No. 26]. The Court entered its Order [Doc. No. 28] granting the parties' Motion. The parties agreed to the filing of the Second Amended Complaint, in part, to omit the claims previously asserted against Coventry.

In response, Defendant filed its Answer and Counterclaim [Doc. No. 55] to Plaintiff's Second Amended Complaint on November 17, 2014. Defendant brings seven counterclaims against Plaintiff. Only the first counterclaim – conversion of company property – was previously alleged. Defendant now adds six additional counterclaims including: breach of agreement; breach of contract; misappropriation of trade secrets; conversion; unfair competition; and tortious interference with contract or business relations.

The dispositive motion deadline expired on October 6, 2014, prior to Defendant filing its Answer and Counterclaim to Plaintiff's Second Amended Complaint. The discovery deadline expired on December 5, 2014, prior to the expiration of the parties' briefing deadlines on the pending motions to strike and for leave to amend.

## II.    Factual Background

This case arises out of an employment agreement between Plaintiff and Defendant. Plaintiff alleges, in part, that Defendant hired him "because he brought them a 1000 barrel crude oil storage tank design, which was a new product, not previously fabricated or sold by [Defendant]." *See* Second Amended Complaint, ¶ 8. Plaintiff contends Defendant breached the agreement by failing to pay him commissions, salary and vacation time in accordance with the terms of the agreement. Plaintiff further contends Defendant has violated its statutory obligations to Plaintiff under COBRA, 29 U.S.C. § 1166(a)(4).

Defendant contends it discovered during the deposition of Plaintiff taken on October 15, 2014, the grounds upon which it now brings the six additional counterclaims. According to Defendant, Plaintiff gave testimony during his deposition that contradicted written discovery responses provided by Plaintiff in February 2014. Plaintiff testified that he sent an email to another

2

company about building the 1000 barrel tanks while he was still employed by Defendant. *See* Plaintiff's Deposition [Doc. No. 62-2]:

> Q. Okay. Now, we were talking a little bit earlier about one of the exhibits where – I think it was January the 8th, where you were sending an e-mail to another company about building 1,000 barrel tanks.
>
> Do you remember that?
>
> A. Yes, sir.

*See id*.

Defendant mischaracterizes this testimony stating: "In his deposition, [Plaintiff] stated he tried to sell tanks, on behalf of other entities, because he had no loyalty to Moore Iron." *See* Defendant's Objection and Response at pp. 3-4. Defendant contends that by this testimony Plaintiff "revealed that he had attempted to sell or negotiate the sale of tanks on behalf of other entities and/or himself while he was still employed with [Defendant]." *See id*. at p. 7. Defendant contends this testimony contradicts a prior denial of a request for admission Defendant propounded to Plaintiff. The request for admission reads: "Admit that you sold, attempted to sell or negotiated the sales of tanks on behalf of other entities and/or yourself while you were still employed with MISCO." *See* Plaintiff's Responses to Defendant's First Discovery Requests, Request for Admission No. 2 [Doc. No. 62-1].

Plaintiff responds that there is no contradiction between the discovery response and Plaintiff's deposition testimony. He contends that discussions about building a tank are separate and distinct from selling or negotiating sales of tanks. Plaintiff concedes, however, that such discussions could be precursors to discussions about sales. Plaintiff further points to affirmative defenses raised

3

in Defendant's Answer to Plaintiff's First Amended Complaint [Doc. No. 17] filed January 6, 2014, which demonstrate Defendant knew of the facts on which it bases its current claims. One of those affirmative defenses alleges that Defendant is "excused" of any breach of contract due to "Plaintiff's unexcused breach of contract including, but not limited to unfair dealing and acting in conflict of MISCO's business interest." *See* Answer to Plaintiff's First Amended Complaint [Doc. No. 17], Affirmative Defenses, ¶ 16.

### III. Analysis

The Court has not found any Tenth Circuit authority addressing the precise issue before it – whether Defendant may file amended counterclaims *as of right* in response to Plaintiff's Second Amended Complaint. However, district courts within the Tenth Circuit have addressed the issue. *See, e.g., Digital Ally, Inc. v. DragonEye Technology, LLC*, Case No. 13-CV-2290 CM/TJJ, 2014 WL 2865592 (D. Kan. June 24, 2014) (unpublished op.); *Hydro Engineering, Inc. v. Petter Investments, Inc.*, No. 2:11-cv-00139-RJS-EJF, 2013 WL 1194732 (D. Utah March 22, 2013) (unpublished op.).

In each of these cases, the courts addressed the "range of positions" courts have taken when faced with this issue. Generally, there are three approaches: (1) the permissive approach – which allows a defendant served with an amended complaint to amend its counterclaims without leave of court, regardless of the scope of changes made to the amended complaint; (2) the narrow approach – which permits amended counterclaims as of right only if they directly relate to the changes in the amended complaint; and (3) the moderate approach – leave to file an amended counterclaim is not required if the amended complaint does not change the theory or scope of the case; otherwise leave is required. *See Digital Ally,* 2014 WL 2865592 at \*\*3-4; *Hydro*, 2013 WL 1194732 at \*2.

4

In *Hydro*, the court followed yet another approach which is to "'simply apply the Rule 15 standard equally to amended complaints and amended (or new) counterclaims.'" *Id*. at *4 (*quoting Bern Unlimited, Inc., v. Burton Corp.*, – F. Supp. 3d –, 2014 WL 2649006 at **3-5 (D. Mass. June 12, 2014)). The court noted the "practical benefits" of this approach including preventing a party from asserting new counterclaims made in bad faith or resulting in undue delay or prejudice. In addition, the court addressed that such an approach allows for simple and consistent application. *Id*.

The Court agrees that the latter approach adopted in *Hydro* is most appropriate. But under any approach, the Court concludes, having considered the record and the parties' arguments, that under the circumstances of this case, Defendant must obtain leave before filing its amended counterclaims. The Plaintiff's Second Amended Complaint removed claims and a party and, therefore, narrowed the issues in the case.

The Court further finds that Defendant is disallowed leave to amend to add the six new counterclaims. Defendant has not demonstrated that the factual basis of Defendant's six new counterclaims was unavailable to it prior to Plaintiff's deposition. Nor has Defendant demonstrated that the allegedly contradictory deposition testimony given by Plaintiff made those counterclaims discoverable for the first time. Defendant's affirmative defenses belie that the counterclaims could not have been asserted previously. And Defendant offers no other ground for granting the late addition of its six new counterclaims. In this regard, the Court notes that Defendant's new counterclaims are based on facts in addition to those related to Plaintiff's deposition testimony and discovery responses. And Defendant offers no explanation as to why those claims were not asserted at an earlier time.

5

Because Plaintiff's Second Amended Complaint *removed* claims and a party, this case is in its late stages, discovery is now complete and the dispositive motion deadline has passed, Defendant will not be granted leave to amend its answer and assert the six additional counterclaims. [2] As set forth above, Defendant has not shown that it was prevented from discovering the bases for the new counterclaims, and otherwise has offered no reason for its delay in bringing the counterclaims. *See, e.g., Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("We have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.") (citation omitted). Allowing Defendant to assert the additional counterclaims at this late stage would be unduly prejudicial to plaintiff and to the Court's use of its judicial resources.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike [Doc. No. 57] Defendant's Answer and Counterclaims [Doc. No. 55] is GRANTED. Defendant shall file its Answer and Counterclaim to Plaintiff's Second Amended Complaint, omitting the six new counterclaims asserted, within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that Defendant Moore Iron & Steel Corp.'s Motion for Leave to Amend Answer to Add Counterclaims [Doc. No. 63] is DENIED.

IT IS SO ORDERED this 30th day of December, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendant contends that Plaintiff has enlarged the scope of its claim for vacation pay. Without deciding that issue, the Court finds it to be irrelevant as none of the six new counterclaims relate to Plaintiff's vacation pay.